IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.
08-23401-CIV-COHN/SELTZER

SYDELLE RUDERMAN, by and through her
Attorney-in-fact, Bonnie Schwartz, and
SYLVIA POWERS, by and through her
Attorney-in-fact, Les Powers, individually
and on behalf of all others similarly situated,

        Plaintiff,

- against -

WASHINGTON NATIONAL INSURANCE
COMPANY, Successor-in-Interest to Pioneer
Life Insurance Company,

        Defendant.

_____/

Case No. 08-23401
Judge: James I. Cohn
Magistrate Judge: Barry S. Seltzer

## DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Washington National Insurance Company ("Washington National"), by and through its undersigned attorneys, Koleos, Rosenberg & Doyle, P.A., and Dewey & LeBoeuf, LLP, answer and respond to Plaintiffs' First Amended Class Action Complaint (the "Complaint") as follows:

### NATURE OF THE CASE

1. Admits that Plaintiffs purport to bring this case as a class action, but otherwise denies each and every factual allegation of Paragraph 1.

Case No. 08-23401-CIV-COHN-SELTZER

## JURISDICTION AND VENUE

2.      States that the allegations contained in Paragraph 2 are legal contentions as to which no responsive pleading is required. To the extent that Paragraph 2 contains factual allegations, Washington National denies such allegations.

3.      States that the allegations contained in Paragraph 3 are legal contentions as to which no responsive pleading is required. To the extent that Paragraph 3 contains factual allegations, Washington National denies such allegations.

## PARTIES

4.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, on that basis, denies each and every allegation contained therein.

5.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, on that basis, denies each and every allegation contained therein.

6.      Admits that Washington National is incorporated under the laws of Illinois, with a principal place of business at 11825 North Pennsylvania Street, Carmel, Indiana 46032, and that it is authorized to provide insurance and annuities in Florida. The remaining allegations contained in Paragraph 6 are legal contentions as to which no responsive pleading is required.

7.      Admits that Pioneer Life Insurance Company ("Pioneer Life") merged into Washington National as of July 1, 2003. The remaining allegations contained in Paragraph 7 are legal contentions as to which no responsive pleading is required.

## SUBSTANTIVE ALLEGATIONS

8. Admits that Pioneer Life was a stock company incorporated under the laws of Illinois in 1963, had a principal place of business in Illinois, and was a wholly-owned subsidiary of Conseco Life Insurance Company of Texas. Washington National further admits that Pioneer Life commenced writing business in 1964 and was authorized to provide life, group life and annuities, credit life, health, credit disability, and accident and health insurance in Florida. To the extent there are remaining factual allegations in Paragraph 8, Washington National states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same. Paragraph 8 also contains legal contentions, as to which no responsive pleading is required.

9. Admits that Pioneer Life issued a Limited Benefit Home Health Care Coverage Policy to Plaintiff Ruderman bearing Certificate Number PL1090196A effective as of April 14, 1994.

10. Admits that Pioneer Life issued a Limited Benefit Home Health Care Coverage Policy to Plaintiff Powers bearing Certificate Number PL1024210A effective as of September 1, 1993.

11. The allegations in Paragraph 11 purport to paraphrase or quote the contents of documents that speak for themselves, and Washington National refers the Court to the documents referenced in Paragraph 11 for a full and accurate rendition of their contents.

12. The allegations in Paragraph 12 purport to paraphrase, quote, or describe the contents of documents that speak for themselves, and Washington National refers the Court to the documents referenced in Paragraph 12 for a full and accurate rendition of their contents.

13. Denies the factual allegations in Paragraph 13, and states that the remaining allegations purport to paraphrase, quote, or describe the contents of documents that

speak for themselves, and Washington National refers the Court to the documents referenced in Paragraph 13 for a full and accurate rendition of their contents.

14. Denies the factual allegations in Paragraph 14, and states that the remaining allegations purport to paraphrase, quote, or describe the contents of documents that speak for themselves, and Washington National refers the Court to the documents referenced in Paragraph 14 for a full and accurate rendition of their contents.

15. Denies the factual allegations in Paragraph 15, and states that the remaining allegations purport to paraphrase, quote, or describe the contents of documents that speak for themselves, and Washington National refers the Court to the documents referenced in Paragraph 15 for a full and accurate rendition of their contents.

16. Denies the factual allegations in Paragraph 16, and states that the remaining allegations purport to paraphrase, quote, or describe the contents of documents that speak for themselves, and Washington National refers the Court to the documents referenced in Paragraph 16 for a full and accurate rendition of their contents.

17. Denies the factual allegations in Paragraph 17, and states that the remaining allegations purport to paraphrase, quote, or describe the contents of documents that speak for themselves, and Washington National refers the Court to the documents referenced in Paragraph 17 for a full and accurate rendition of their contents.

18. Denies the factual allegations in Paragraph 18, and states that the remaining allegations purport to paraphrase, quote, or describe the contents of documents that speak for themselves, and Washington National refers the Court to the documents referenced in Paragraph 18 for a full and accurate rendition of their contents.

19. Admits that under the terms, conditions, limitations, definitions and exclusions of the Policies issued to the Plaintiffs, the Automatic Benefit Increase Percentage of 8% applies only to the Home Health Care Daily Benefit.

20. Admits that under the terms, conditions, limitations, definitions and exclusions of the Policies issued to the Plaintiffs, the Automatic Benefit Increase Percentage of 8% applies only to the Home Health Care Daily Benefit, and denies the remaining factual allegations in Paragraph 20.

21. Admits that as of October 13, 2006, Plaintiff Ruderman had been paid $150,000 in home health care benefits for the same injury or illness and that Washington National denied subsequent claims submitted by Plaintiff under the terms, conditions, limitations, definitions and exclusions of the Policy. The remaining allegations in Paragraph 21 purport to paraphrase, quote, or describe the contents of documents that speak for themselves, and Washington National refers the Court to the documents referenced in Paragraph 21 for a full and accurate rendition of their contents.

22. Admits that Plaintiff Ruderman paid all premiums due under the Policy as of January 28, 2007. To the extent there are remaining factual allegations in Paragraph 22, Washington National states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same.

23. Admits that Plaintiff Powers had been paid $250,000 in home health care benefits and that Washington National denied subsequent claims submitted by Plaintiff under the terms, conditions, limitations, definitions and exclusions of the Policy. The remaining allegations in Paragraph 23 purport to paraphrase, quote, or describe the contents of documents that speak for themselves, and Washington National refers the Court to the documents referenced

in Paragraph 23 for a full and accurate rendition of their contents. To the extent there are remaining factual allegations in Paragraph 23, Washington National states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same.

24. Admits that Plaintiff Ruderman paid all premiums due under the Policy as of September 14, 2007. To the extent there are remaining factual allegations in Paragraph 24, Washington National states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations as to parties other than Washington National and, on that basis, denies the same.

25. Denies the factual allegations in Paragraph 25, and states that the remaining allegations purport to paraphrase, quote, or describe the contents of documents that speak for themselves, and Washington National refers the Court to the documents referenced in Paragraph 25 for a full and accurate rendition of their contents.

26. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, on that basis, denies each and every allegation contained therein.

## CLASS ALLEGATIONS

27. Admits that Plaintiffs purport to bring this as a class action pursuant to the Federal Rules of Civil Procedure, but otherwise denies each and every allegation of Paragraph 27.

28. States that the contentions in Paragraph 28 are not factual allegations as to which a responsive pleading is required.

29. Admits that Plaintiffs purport to bring this as a class action pursuant to the Federal Rules of Civil Procedure, but otherwise denies each and every allegation of Paragraph 29.

30. Denies that members of the proposed class are so numerous that joinder is impracticable, and states that it is without knowledge or information sufficient to form a belief as to what Plaintiffs "believe" and, on that basis, denies the same.

31. Denies each and every allegation in Paragraph 31.

32. Denies each and every allegation in Paragraph 32.

33. Denies each and every allegation in Paragraph 33.

34. Denies each and every allegation in Paragraph 34.

35. Admits that Plaintiffs purport to seek injunctive relief, but otherwise denies each and every allegation in Paragraph 35.

36. Denies each and every allegation in Paragraph 36.

37. Denies each and every allegation in Paragraph 37.

## COUNT I
## (BREACH OF CONTRACT)

38. Repeats and realleges Washington National's responses to Paragraphs 1 through 37, inclusive, and incorporates such responses as though fully set forth herein.

39. Admits that Plaintiffs purport to bring this as a class action pursuant to the Federal Rules of Civil Procedure, but otherwise denies each and every allegation of Paragraph 39.

40. Denies each and every allegation in Paragraph 40.

41. States that the allegations contained in Paragraph 41 are legal contentions as to which no responsive pleading is required. To the extent that Paragraph 41 contains factual

7

allegations, Washington National states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 as to Plaintiffs and each Class Member, and, on that basis, denies the same.

42. States that the allegations contained in Paragraph 42 are legal contentions as to which no responsive pleading is required. To the extent that Paragraph 42 contains factual allegations, Washington National states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 as to Plaintiffs each Class Member, and, on that basis, denies the same.

43. The allegations in Paragraph 43 purport to paraphrase, quote, or describe the contents of documents that speak for themselves, and Washington National refers the Court to the documents referenced in Paragraph 43 for a full and accurate rendition of their contents. Paragraph 43 also contains legal contentions, as to which no response is required. To the extent that Paragraph 43 contains factual allegations, Washington National states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 as to unnamed insureds, and, on that basis, denies the same.

44. States that the allegations contained in Paragraph 44 are legal contentions as to which no responsive pleading is required. To the extent that Paragraph 44 contains factual allegations, Washington National states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 as to the Plaintiffs and each Class Member, and, on that basis, denies the same.

## COUNT II
## (INJUNCTIVE RELIEF)

45. Repeats and realleges Washington National's responses to Paragraphs 1 through 44, inclusive, and incorporates such responses as though fully set forth herein.

46. Admits that Plaintiffs purport to bring this as a class action pursuant to the Federal Rules of Civil Procedure, but otherwise denies each and every allegation of Paragraph 46.

47. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, on that basis, denies each and every allegation contained therein.

48. Denies each and every allegation in Paragraph 48.

49. Denied each and every allegation in Paragraph 49.

50. States that the allegations contained in Paragraph 50 are legal contentions as to which no responsive pleading is required. To the extent that Paragraph 50 contains factual allegations, Washington National states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 as to Plaintiffs and each Class Member, and, on that basis, denies the same.

51. States that the allegations contained in Paragraph 51 are legal contentions as to which no responsive pleading is required. To the extent that Paragraph 51 contains factual allegations, Washington National states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 as to Plaintiffs and each Class Member, and, on that basis, denies the same.

52. States that the allegations contained in Paragraph 52 are legal contentions as to which no responsive pleading is required. To the extent that Paragraph 52 contains factual allegations, Washington National states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 as to Plaintiffs and each Class Member, and, on that basis, denies the same.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' recovery, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

## THIRD AFFIRMATIVE DEFENSE

The claims made against Washington National are either not covered and/or excluded under the Policy, or are otherwise not cognizable because the Policies have lapsed due to the non-payment of premium.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are based in whole or in part because the action does not meet the requirements for a class action.

## FIFTH AFFIRMATIVE DEFENSE

The claims of certain members of the proposed class are barred by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, unclean hands, waiver and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Washington National specifically reserves the right to assert any additional affirmative defenses that may become apparent during the course of discovery or upon certification of any class in this action.

## CONCLUSION

WHEREFORE, Washington National respectfully requests that the Court dismiss the Complaint and award it attorneys' fees and costs, and such other and further relief as is just and fair.

Dated: May 12, 2009

Respectfully submitted,

_____
DANIEL J. KOLEOS
Florida Bar No.: 516325
KOLEOS, ROSENBERG & DOYLE, P.A.
AmTrust Bank Building
8211 W. Broward Blvd., Suite PH4
Fort Lauderdale, FL  33324
Telephone: (954) 474-9929
Facsimile: (954) 474-9959

DEWEY & LeBOEUF LLP
Adam J. Kaiser (admitted *pro hac vice*)
Jeffrey J. Amato (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, NY  10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 259-6333
*Attorneys for Defendant Washington National Insurance Company*

Case No. 08-23401-CIV-COHN-SELTZER

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via U.S. mail this 12th day of May, 2009 to: **Steven M. Dunn, Esq.**, counsel for Plaintiff, 1135 Kane Concourse, 5th Floor, Bay Harbor Island, Florida 33154, and **Steven R. Jaffe, Esq.**, ROTHSTEIN ROSENFELDT ADLER, counsel for Plaintiff, Las Olas City Centre, 401 East Las Olas Blvd., Suite 1650, Fort Lauderdale, Florida 33301.

KOLEOS, ROSENBERG & DOYLE, P.A.
AmTrust Bank Building
8211 W. Broward Blvd., Suite PH4
Fort Lauderdale, FL  33324
Telephone: (954) 474-9929
Facsimile: (954) 474-9959
*Attorneys for Defendant Washington National Insurance Company*

By: _____
DANIEL J. KOLEOS
Florida Bar No.: 516325

NY4 4014697.3