**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.
**08-23401-CIV-COHN/ROSENBAUM**

SYDELLE RUDERMAN, by and through her Attorney-in-fact, Bonnie Schwartz, SYLVIA POWERS, by and through her Attorney-in-fact, Les Powers, KATE KOLBER, by and through her Attorney-in-fact, Fred Kolber, ROBERT SCHWARZ, and BLUMA SCHWARZ, individually and on behalf of all others similarly situated,

Plaintiffs,

- against -

WASHINGTON NATIONAL INSURANCE COMPANY, Successor-in-Interest to Pioneer Life Insurance Company,

Defendant.

_______________________________________/

Case No. 08-23401
Judge: James I. Cohn
Magistrate Judge: Robin S. Rosenbaum

**DEFENDANT WASHINGTON NATIONAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS**

## PRELIMINARY STATEMENT

Contrary to settled law, class counsel seek taxable and nontaxable costs totaling approximately $66,560. As explained below, however, class counsel are not entitled to nontaxable costs and many of the taxable costs, which were untimely filed, are unreasonable, unnecessary, or not properly documented.

*First*, most egregiously, class counsel claim they are entitled to nontaxable costs, including expert fees, travel costs, and other miscellaneous expenses, despite the fact that there is no relevant law allowing recovery of such expenses. Indeed, it is well settled in this circuit that costs beyond those enumerated in the taxable statute, 28 U.S.C. § 1970, are not recoverable, even in a case where attorneys' fees are awarded under Fla. Stat. 627.428. Moreover, class counsel's request, even if it were authorized under law, is woefully deficient in that it lacks the requisite particularity and support to show that such costs were reasonable and actually incurred.

*Second*, in regard to class counsel's request for taxable costs, class counsel has completely disregarded the time limits and formats proscribed by Local Rule 7.3. What is more, class counsel's entitlement to costs is limited by the fact that such costs must be reasonable and necessary, but class counsel has failed to provide adequate documentation for the Court to make that determination. In addition many of class counsel's costs were simply not reasonable. This Court should carefully scrutinize class counsel's application and weed out those taxable costs that are not substantiated, necessary or reasonable.

## STATEMENT OF FACTS

Class counsel filed its Motion for an Award of (i) Attorney's Fees and Expenses and (ii) Incentive Awards to Class Representatives on November 15, 2010. DE-214. In addition to attorneys' fees, class counsel also briefly claimed they were entitled to their "expenses," but did not specify under what authority they were entitled to recover any expenses other than taxable costs provided for in 28 U.S.C. § 1920. The costs class counsel claimed were not supported by any invoices, receipts, or explanations, but merely summarized in a chart. The summary included vague entries for "Experts/Consultants," "Mediation," "Telephone and Telecopier," "Messenger/Courier/Overnight," "Postage," "Computer Research/Bloomberg," and "Travel Costs." DE 214-1 at 28. Mr. Dunn provided a vague pre-bill list of certain travel, printing, and expert fees, DE 214-1 at 32, but there were no invoices, detailed explanations, or other support for the charges.

On December 10, 2010, class counsel filed their first Bill of Taxable Costs. In a footnote, class counsel contend they are entitled to nontaxable costs under Fed. R. Civ. P. 23(h) and case law and that it sought such costs in their "fee application filing." DE 214 at 1 n.1. Class counsel also indicated that it was in the process of contacting vendors to procure duplicate records for costs not documented in its filing, even though summary judgment was granted months ago and class counsel knew they would be moving for costs. Class counsel's Bill of Costs consisted of two spreadsheets along with two invoices for transcripts, five invoices from a private process server, and a 12 page "Pre-Bill Worksheet" listing copy charges, meals, travel costs, and research bills. Regarding copy charges, the invoice indicates that class counsel billed 25 cents per copy. The invoice specified the number of pages copied and the total amount billed for each copy, but there was no indication of what documents were copied or how class counsel intended to use each copy.

On December 20, 2010 and January 4, 2011, class counsel supplemented its Bill of Taxable Costs. The supplemental filings contained updated spreadsheets along with invoices. Two were apparently for the depositions of Roy Weinberg and Dawn Helwig, and one for a transcript of the parties' October 13, 2010 hearing. No other invoices, bills, or receipts were attached supporting the application.

## ARGUMENT

### I. AN AWARD OF NONTAXABLE COSTS IS NOT AUTHORIZED BY AGREEMENT OR BY LAW AND MUST BE DENIED

Class counsel simply assume they are entitled to all costs without providing much in the way of support for this supposition. They are mistaken. Under Fed. R. Civ. P. 23(h), the court may only award reasonable nontaxable costs if they "*are authorized by law or by the parties' agreement*." Rule 23(h) is not intended to provide independent authority for awards of nontaxable costs. Fed. R. Civ. P. Rule 23(h) 2003 Advisory Committee Notes ("This subdivision does not undertake to create new grounds for an award of attorney's fees or nontaxable costs"). "[A]bsent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Storfer v. Guarantee Trust Life Ins. Co.*, No. 10-60400-CV, 2010 WL 5093654, at *1 (S.D. Fla. Dec. 8, 2010) (Cohn, J.) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). Here, no agreement or law explicitly allows for nontaxable costs.

Class counsel's reliance on Fla. Stat. 627.428 and *Dowdell v. City of Apopka*, 698 F.2d 1181 (11th Cir. 1983), a case upholding an award of costs under the federal civil rights fee shifting statute, is particularly unavailing.[1] In *Storfer*, this Court recently denied a similar attempt by Mr. Dunn to recover nontaxable costs under Fla. Stat. 627.428 by drawing a comparison to federal civil rights legislation. As this Court correctly held, there is absolutely no support for this position, and outside of a federal civil rights claim, costs that are not specifically enumerated as taxable in 28 U.S.C. § 1920 are not recoverable. *Storfer*, 2010 WL 5093654, at *2 (citing *Willams v. R.W. Cannon, Inc.*, 657 F.Supp.2d 1302, 1317-18 (S.D. Fla. 2009). Indeed, class counsel's request is contrary to well settled law, as the Eleventh Circuit has previously reversed a district court that taxed expert witness fees as costs under Florida Statute § 627.428, contrary to § 1920. *Kivi v. Nationwide Mutual Insurance Company*, 695 F.2d 1285, 1289 (11th Cir. 1983).

Moreover, costs in federal courts are generally procedural and governed by federal law even when the court is sitting in a diversity action. *Jablonski v. St. PaulFire and Marine Insurance Co.*, No. 2:07-cv-00386, 2010 WL 1417063, at *10 (M.D. Fla. April 7, 2010); *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T-24-TGW, 2010 WL 3062420, at *1 (M.D. Fla. Aug. 4, 2010). Federal courts may only award costs other than those listed in § 1920 if the state law "explicit[ly]" authorizes the allowance of additional costs. *Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir. 1990). Fla. Stat. § 627.428 does not explicitly authorize the awarding of additional costs. In fact, § 627.428 only mentions "attorney's fees and compensation" and does not expressly mention costs at all.

For these reasons, courts routinely rebuff attempts by counsel to recover the same types of nontaxable costs class counsel here seek to obtain. This Court is without authority to award any of the below costs and thus must deny *all* such requests:

- **Experts/Consultants**: *Martlite, Inc. v. Eckenrod*, No. 09-22607-CIV, 2011 WL 31095, at *7 (S.D. Fla. Jan. 5, 2011) (expert witness hourly rates not expressly enumerated in § 1920 and therefore not recoverable); *Armitage v. Dolphin Plumbing & Mech.*, LLC, No. 6:05-CV-890-ORL-19KRS, 2007 WL 2209234, at *4 (M.D. Fla. July 30, 2007) (expert witness fees are not recoverable under § 1920); *Wendell v. USAA Casualty Insurance Co.*, No. 8:08-cv-536-T-23EAJ, 2009 WL 1971451 at *6

[1] 42 U.S.C. § 1988. Specifically: § 1988 applies to cases involving 42 U.S.C. §§ 1981, 1981a, 1982, 1983, 1985, and 1986, 42 U.S.C. §§ 2000bb, 2000cc, 2000d, or § 42 USC § 13981.

(M.D. Fla. July 8, 2009) ("fees for expert witnesses are 'clearly nonrecoverable' in federal court.").

- **Travel Costs**: *Martlite, Inc.*, 2011 WL 31095, at *7 (attorney travel expenses not expressly enumerated in § 1920 and therefore not recoverable); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, No. 08-80013-CIV, 2009 WL 1809983, at *2 (S.D. Fla. June 25, 2009) (denying recovery fees associated with attorney travel); *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 845-46 (11th Cir.2008) (air fare, lodging, and meals not included in § 1920); *Ward v. Parks Elec. Co.*, No. 6:08-cv-1111-ORL-19KRS, 2009 WL 1684455, at *2 (M.D. Fla. June 16, 2009) (travel expenses are not compensable under § 1920); *Rodriguez v. Fuji Sushi, Inc.*, No. 6:08-CV-1869-ORL-2KRS, 2009 WL 1456444, at *4 (M.D. Fla. May 22, 2009) (travel expenses are not recoverable under § 1920); *Gerhardt v. Fine Line Collision, Inc.*, No. 08-14253-CIV, 2008 WL 5054098, at *3 (S.D. Fla. Nov. 26, 2008) (travel expenses not recoverable under § 1920); *Armitage*, 2007 WL 2209234, at *4 (attorney travel, lodging, and meals are not recoverable under § 1920); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, No. 6:05-CV-269-ORL-28JGG, 2007 WL 842771, at *10 (M.D. Fla. Mar. 20, 2007) (attorney meals, hotel and travel are not recoverable); *Alea London Limited v. Sea Garden Hospitality Management, Inc.*, 2008 WL 89807, at *7 (M.D. Fla. Jan. 7, 2008) (travel is not a recoverable cost under § 1920); *Wendell*, 2009 WL 1971451 at 6 (legal research charges not recoverable under § 1920).

- **Mediation**: *Bartle v. RX Options, Inc.*, No. 08-60533-CIV, 2009 WL 1035251, at *3 (S.D. Fla. Apr. 16, 2009) (prohibiting recovery of costs associated with mediation); *Turcios v. Delicias Hispanas Corp.*, No. 07-20150-CIV, 2009 WL 1393238, at *5 (S.D. Fla. May 14, 2009) (mediation fees are not recoverable under § 1920 even when mediation is court ordered); *Armitage*, 2007 WL 2209234, at *4 (mediation fees are not recoverable under § 1920); *Gary Brown & Assocs., Inc.*, 268 Fed. Appx. at 845-46 (mediation expenses not included under § 1920).

- **Telephone/and Telecopier:** *Bartle*, 2009 WL 1035251, at *3 (long distance charges "are not expressly permitted under 28 U.S.C. § 1920 and should not be awarded.); *Global Patent Holdings, LLC*, 2009 WL 1809983, at *2 (denying recovery of facsimile and long distance charges); *Gerhardt*, 2008 WL 5054098, at *3 (telephone expenses not recoverable under § 1920); *Armitage*, 2007 WL 2209234, at *4 (facsimiles and long distance telephone charges are not recoverable under § 1920); *Alvarez Perez*, 2007 WL 842771, at *10 (phone service is not taxable under § 1920); *Wendell*, 2009 WL 1971451 at *7 (facsimile and telephone charges are not recoverable under § 1920).

- **Messenger/Courier/Overnight:** *Bartle*, 2009 WL 1035251, at *3 (Federal Express charges are not recoverable); *Global Patent Holdings, LLC*, 2009 WL 1809983, at *2 (denying recovery of messenger service fees); *Armitage*, 2007 WL 2209234, at *4 (couriers and express mail charges are not recoverable under § 1920); *Gary Brown & Assocs., Inc.*, 268 Fed. Appx. at 845-46 (courier fees not included under § 1920).

- **Postage**: *Martlite, Inc.*, 2011 WL 31095 at *7 (postage fees not expressly enumerated in § 1920 and therefore not recoverable); *Bartle*, 2009 WL 1035251, at *3

(prohibiting recovery of postage costs); *Rodriguez*, 2009 WL 1456444, at *4 (postage is not recoverable under § 1920); *Armitage*, 2007 WL 2209234, at *4 (postage fees are not recoverable under § 1920).; *Alvarez Perez*, 2007 WL 842771, at *10 (postage not taxable under § 1920); *Wendell*, 2009 WL 1971451, at *7 (postage fees are not recoverable under § 1920); *Gary Brown & Assocs., Inc.*, 268 Fed. Appx. at 845-46 (postage fees not included under § 1920).

- **Computer Research/Bloomberg**: *Martlite, Inc.*, 2011 WL 31095 at *7 (computer research is not expressly enumerated in § 1920 and therefore not recoverable); *Bartle*, 2009 WL 1035251, at *3 (prohibiting recovery of costs associated with computerized research); *Global Patent Holdings, LLC*, 2009 WL 1809983, at *2 (denying recovery of "computerized legal research and PACER fees"); *Gerhardt*, 2008 WL 5054098, at *3 (computer research fees not recoverable under § 1920); *Armitage*, 2007 WL 2209234, at *4 (computerized legal research fees are not recoverable under § 1920).; *Alvarez Perez*, 2007 WL 842771, at *10 (legal research is not taxable under § 1920); *Alea London Limited*, 2008 WL 89807, at *7 (finding computer research is not a taxable cost and is thus unrecoverable); *Wendell*, 2009 WL 1971451, at *7 (legal research charges not recoverable under § 1920); *Gary Brown & Assocs., Inc.*, 268 Fed. Appx. at 845-46 (Lexis-Nexis research fees not included under § 1920).

Even assuming class counsel have some sort of entitlement to these costs under law, which they do not,[2] in requesting an additional $45,028.04 in costs class counsel has failed to meet their burden "to show that all requested costs were reasonable and necessary." *Jablonski*, 2010 WL 1417063, at *12. The mere statement that such costs were "reasonable," as class counsel contends, clearly does not meet this burden. *Id.* Indeed, for the majority of costs class counsel claim, they only enumerate and/or summarize the costs, but do not justify them in anyway whatsoever. *See* DE 214-1 at 32-35. Tellingly, class counsel seek tens of thousands in costs for unspecified travel, experts and consultants, without any detail or explanation of what those costs were or who they were paid to. *See* DE 214-1 at 28, 23, 35 The only experts Plaintiffs have utilized, to WNIC's knowledge, are the ones submitted in support of this application for attorneys' fees. However, for the reasons explained in WNIC's brief in opposition to attorneys' fees, requested costs, Plaintiffs should not be compensated for such expenses because there is no dispute that they are entitled to a fee, and costs related to litigation over the amount are not recoverable. Br. in Opp'n to Atty' Fees at 8.

[2] Class counsel may contend that they are entitled to costs under some "common fund" doctrine, but as explained in WNIC's brief in opposition to attorneys' fees, the common fund doctrine is not only inapplicable, but any equitable award of fees or costs made under that theory would necessarily have to come from the fund of damages awarded to the Plaintiffs, not in addition. Br. in Opp'n to Atty' Fees at 11-14.

Another glaring example of abuse: Mr. Dunn seeks travel costs of more than $500 for a trip to Atlanta in May 2010. DE-214-1 at 35. Curiously, however, at that time the case was stayed, and there was no activity except for the receipt of Mr. Koleos' change of address. DE-216-2 at 13. But that does not require a trip to Georgia. Indeed, Mr. Dunn's *own* attorney time records submitted in support of an award of fees reveal that he did not bill for any legal work for this case near May 27, 2010 that required travel. DE-216-3 at 14. These are just a few examples of the countless unaccounted for costs that class counsel seek to recoup. This Court is under an obligation to scrutinize class counsel's application and only award those costs that are authorized by law and supported by adequate explanation of reasonableness and proof that those costs were actually incurred.

## II. TAXABLE COSTS AWARDED SHOULD BE SIGNIFICANTLY LESS THAN THOSE CLAIMED BY CLASS COUNSEL AS SOME CLAIMS ARE UNDOCUMENTED, UNREASONABLE, OR UNNECESSARY.

**A. Introduction.** WNIC does not dispute that class counsel are entitled to an award of taxable costs under 28 U.S.C. § 1920, if their application was timely and properly submitted. In addition, courts hold that costs awarded under § 1920 must be both reasonable and necessary to further the prevailing party's case. In addition to completely ignoring the time limits and Local Rules regarding the submission of Bills of Taxable Costs, class counsel also seek numerous costs that are either unreasonable, unnecessary, or just completely undocumented.

Unlike nontaxable costs, there is no special rule for taxable costs in class action cases. Taxable costs are provided for by Rule 54(d)(1), which provides: "costs other than attorney's fees . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Supreme Court has held that the term "costs" in Rule 54(d)(1) is defined by 28 U.S.C. § 1920. *Crawford Fitting Co.*, 482 U.S at 441-442 (1987); *see also* 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 54.103[1] (3d ed. 2010) "As employed in Rule 54(d)(1), 'costs' is a term of art that refers only to those particular expenses that may be taxed to the opponent under 28 U.S.C. § 1920 . . . ." (citing *Crawford*).

Expenses defined as cost by § 1920 only include:

(1) Fees of the clerk or marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

**B. Local Rule 7.3(c) Violations.** At the outset, WNIC objects to class counsel's Bill of Costs in its entirety. Class counsel did not file in a timely manner or in a format prescribed by Local Rule 7.3(c). This court has held that Rule 7.3 governs two distinct types of costs, those that fall under 28 U.S.C. § 1920 and those that do not. *Muldowney v. MAC Acquisitions, LLC*, No. 09-22489, 2010 WL 3385388, at *2 (S.D. Fla. July 30, 2010). Rule 7.3(c) refers to a Bill of Costs, which is required to claim costs authorized under 28 U.S.C. § 1920, while Rules 7.3(a) and 7.3(b) relate to motions for costs that might be authorized by other statutes (but are not so authorized in this case). *See* 2006 Comments to S.D. Fla. L.R. 7.3. Under Rule 7.3(c), a Bill of Costs, along with supporting documentation, must be filed *no later than* 30-days after entry of the final judgment or order that gives rise to the claim. S.D. Fla. L.R. 7.3(c). Class counsel is also required to submit any such Bill of Costs on form AO 133 of the Administration Office of the United States Courts or "in form substantially similar to." *Id.*

In this case, class counsel's motion for Summary Judgment was granted on September 8, 2010. DE 171. As a result, class counsel had until November 8, 2010 to file a Bill of Costs. Class counsel, however, did not file its initial Bill of Costs until December 10, 2010, more than a month late. DE 221. Despite the delinquent filing, class counsel was still unable to gather all relevant information and has supplemented its Bill of Costs twice as a result. DE 224 and DE 229. Class counsel filed its most recent Supplement on January 4, 2011. DE 229.[3]

Furthermore, class counsel did not submit form AO 133 or even a form substantially similar to that form. Form AO 133 provides a break down of costs sought according to provisions of § 1920, includes a worksheet for computation of witness fees, and

[3] WNIC is aware of the November 15, 2010 deadline set by this court for submission of class counsel's Motion for Attorney's Fees and Costs. DE 198. Such a motion, however, is the subject of Rule 7.3(a) and 7.3(b). The Scheduling Order set no deadline for the filing of Bill of Cost under Rule 7.3(c) and the default deadline set by that Rule was not affected by that order.

includes a Declaration that the foregoing costs are correct and necessarily incurred under penalty of perjury. Class counsel, however, merely submitted three simple spreadsheets listing "Total Expenses" and "Total Taxable Expenses" with little regard to the more statutorily-inspired language used in form AO 133. *See* DE 221 at 3, DE 224 at 3, and DE 229 at 3. As a result, it is difficult for WNIC (and, presumably, the Court) to ascertain the exact amounts sought by class counsel under § 1920.

Furthermore, class counsel's Bill of Costs contains only a Certificate of Service. DE 221 at 2, DE 224 at 2, and DE 229 at 2. Unlike the Declaration in form AO 133, this Certificate of Service only attests to authenticity of the copies served on other parties to the case and not the veracity of the information contained within. Given the lack of documentary evidence for some costs sought by class counsel, and the blatant requests for costs for a trip to Atlanta unrelated to this action, the omission of a Declaration from class counsel's Bill of Costs is noteworthy. In light of class counsel's violations of Local Rule 7.3, this Court should disallow all taxable costs sought in this case.

**C. Reasonable and Necessary**

Should this court decide to overlook class counsel's untimely and improperly formatted Bill of Costs, WNIC requests a reduction in taxable costs awarded. Taxable costs must be necessary, reasonable, and properly supported. Many of class counsel's claimed costs, however, are either unreasonable, completely undocumented, or lack sufficient documentation to show necessity.

***Photocopying.*** Although there is a presumption that the prevailing party is entitled to taxable costs, courts have held that "a party seeking to recover [photocopying] costs must come forward with evidence showing the nature of the documents copied including how they used or intended to be used in the case. Simply making the unsubstantiated claims that such documents were necessary is insufficient to permit recovery." *Fox v. Marquis Corp.*, No. 08-81264, 2010 WL 1010871, at *8 (S.D. Fla. March 15, 2010), quoting *Corsair Asset Mgmt. v. Moskovitzu*, 142 F.R.D. 347, 352 (N.D. Ga. 1992); *Gonzalez v. Akal Security, Inc.*, No. 8:08-cv-2270-T-TBM, 2010 WL 2557688 at *4 (M.D. Fla. June 22, 2010). In *Fox*, this court went on to note that the prevailing party had identified the documents copied and the number of copies of each document, but failed to explain how the copies were used or why they were necessary. *Fox*, 2010 WL 1010871, at *8.

Here, class counsel has provided even less information. Class counsel seeks $1,473.22 in photocopying charges. DE 229-1 at 1-2. Of the $1,473.22 sought, class counsel has only documented a paltry $394.15 in copying charges in invoices attached to its Bill of Costs. DE 229-1 at 2. Of the $394.15 that is documented, class counsel provides no information as to what documents were copied, how such copies were used, or why such copies were necessary. As a result, this court should not allow any of the $1,473.22 sought as photocopying costs.

Alternatively, should the court award photocopying charges, class counsel requests a reduction in the amount awarded. According to the bills provided by class counsel with its initial Bill of Costs, class counsel has billed a copying fee of 25 cents per charge. *Id.* In *Fox*, this court held that 25 cents per page was unreasonable and reduced the cost per page to 10 cents. *Fox*, 2010 WL 1010871, at *8. This seems like a much more reasonable amount especially in light of the fact that on 7/28/2009, class counsel inexplicable deviated from its 25 cents per page copy fee and charged 10 cents per page. DE 221-1 at 18.

***Process of Service.*** Although § 1920 does not specifically allow costs for process of service, courts have interpreted § 1920(1) as allowing such costs. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). However, such costs are limited to the amount charged by the U.S. Marshal's Office for service of process. *Id.* 28 U.S.C. § 1921 allows the U.S. Attorney General to regulate the fees charged by the U.S. Marshal's Office for, among other things, service of process. 28 U.S.C. § 1921(b). Currently, that amount is set at $55 per marshal per hour. 28 C.F.R. § 0.114. In addition, courts have routinely held that rush or expedited fees are not necessary and not recoverable under § 1920. *Whittier v. City of Sunrise*, No. 07-60476-CIV, 2008 WL 5765868 at *5 (S.D. Fla. 2008) (holding that fees for expedited transcript delivery were not reimbursable).

Class counsel attached five invoices for personal service through OJF Services, Inc. DE 221-1 at 5-9. These invoices totaled $843 in total for service on 2 individuals (Teresa, Freeberg and Dawn Helwig) and one corporation. There are two invoices for service on Ms. Helwig with different amounts and different dates, but no explanation from class counsel as to why two such services were necessary. DE 221-1 at 6-7. Likewise, class counsel apparently served process on Florida Statewide Agencies, Inc, twice. DE 221-1 at 8-9. Again, class counsel provides no explanation as to why multiple services were necessary when, presumably,

multiple documents could be served at once, As a result, WNIC requests that the court only tax costs for one service on Ms. Helwig and one Service on Florida Statewide Agencies. Inc.. WNIC further requests that each service be limited to $55 and that all Rush fees and FedEx charges be removed as unnecessary and for convenience of counsel only. This results in one invoice for $40 (one of the two services made on Roy Weinberg) and two services for $55 each for a total amount of $150.

***Deposition Transcripts.*** As with costs for service of process, depositions transcripts are not explicitly provided for in § 1920, but courts have found that they are taxable under § 1920(2), which allows for recovery of fees for a "stenographic transcript." *W&O, Inc.*, 213 F.3d at 620. Much like photocopying costs, deposition transcript costs must be reasonable and the transcript itself must be necessary. *Id.* If a deposition transcript is used for purposes of convenience of counsel, to aid in thorough preparation, or for purposes of investigation only, such costs are not recoverable. *Id.*; *see Whittier*, 2008 WL 5765868, at *5 ("the fees for expedited or condensed transcripts, compressed and mini script versions, and CD ROM's with ASCII are not reimbursable under § 1920").

Here, class counsel's request for costs for transcripts in unreasonable in several respects. Class counsel is not entitled to costs for the October 13, 2010 hearing as that hearing was related to class counsel's request for attorney's fees and costs and was unrelated to the underlying matter. As a result, class counsel cannot seriously contend that the October 13, 2010 hearing transcript was intended for use in a matter on which it had already been granted Summary Judgment. Class counsel is also not entitled to costs on the Meet and Confer transcript as the transcript was for an unnecessary discovery motion hastily filed by the Plaintiffs,[4] and thus was only for the convenience of counsel. In addition, class counsel paid an additional $855 to videotape the deposition of Brock Hargett (an IT designee) with no explanation as to whether the videotape was necessary. As a result, WNIC requests that the court reduce class counsel's transcription fees by $1,157.50.[5]

[4] Br. in Opp'n to Atty' Fees at 8.

[5] In addition, in the event the Court awards any costs, the award should be stayed pending the appeal, as set forth in the Br. in Opp'n to Atty' Fees.

**CONCLUSION**

For all the foregoing reasons, the Court should deny class counsel's application for nontaxable and taxable costs.

Dated: January 14, 2011

Respectfully submitted,

KOLEOS ROSENBERG P.A.

By: ______________________
DANIEL J. KOLEOS
Florida Bar No.: 516325
AmTrust Bank Building
8211 W. Broward Blvd., Suite PH4
Fort Lauderdale, FL 33324
Telephone: (954) 474-9929
Facsimile: (954) 474-9959

DEWEY & LEBOEUF LLP
Adam J. Kaiser (admitted *pro hac vice*)
Jeffrey J. Amato (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

*Attorneys for Defendant Washington National Insurance Company*

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via ECF and U.S. mail this 14th day of January, 2011 to:

Steven M. Dunn, P.A.
1135 Kane Concourse, 5th Floor
Bay Harbor Island, FL 33154
(305) 868-1400

Steven R. Jaffe
Mark S. Fistos
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehman, PL
425 N. Andrews Ave., Suite 2
Ft. Lauderdale, FL 33301
(954) 524-2820

Richard J. Lantinberg
Wilner Hartley & Metcalf, P.A.
444 E. Duval Street
Jacksonville, FL 32202

Lee A. Weiss
Brown Wood George LLP
1 Liberty Plaza, Suite 2329
New York, New York 10006
(212) 354-4901

David H. Charlip, Esq.
Charlip Law Group, LC
AVENTURA BAYVIEW
17501 Biscayne Blvd. Suite 510
Aventura, FL 33160

KOLEOS ROSENBERG P.A.
AmTrust Bank Building
8211 W. Broward Blvd., Suite PH4
Fort Lauderdale, FL 33324
Telephone: (954) 474-9929
Facsimile: (954) 474-9959

By: ______________________
DANIEL J. KOLEOS
Florida Bar No.: 516325