```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

            Case No. 08-23401-Civ-COHN/SNOW
```

SYDELL RUDERMAN, by and through her
attorney-in fact, et al.,

      Plaintiffs,

      v.

WASHINGTON NATIONAL INSURANCE COMPANY,
Successor-in-Interest to Pioneer Life
Insurance Company,

      Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on the plaintiff's Motion to Compel Discovery (Docket Entry 236), which was referred to United States Magistrate Judge Lurana S. Snow.

<u>1. Procedural History</u>

The class initial action complaint filed December 9, 2008, alleged that the defendant breached its Limited Benefit Home Health Care Policy, which included a term which automatically increased benefits by eight percent a year. The complaint alleged the defendant increased the Per Occurrence Maximum Benefit by eight percent per year, but did not increase the $250,000 Lifetime Maximum Benefit each year. The complaint was amended to include a claim for injunctive relief. (DE 30) On September 8, 2010, the Court granted injunctive relief, holding that the eight percent increase per year applied to both the Lifetime and the Per Occurrence Maximum Benefits. (DE 171)

On October 18, 2010, the plaintiffs filed a Proposed Stipulated Order Setting Briefing Schedule for Class Counsels' Motion for Attorneys' Fees, Costs and Incentive Awards. (DE 197) It set the deadline for filing the motion for fees and costs for November 15, 2010, the response filing deadline for January 14, 2011, the reply filing deadline for January 31, 2011, and the hearing on fees for February 8, 2011. The Court issued the Order as proposed. (DE 198) On November 15, 2010, the plaintiffs filed a motion for attorney's fees and costs. (DE 214)  The motion includes a declaration from an actuary, Brian D. Rankin, calculating the value of the future benefits to the plaintiffs at between $21.95 million and $26.21 million. (DE 214-2)

On November 23, 2010, the defendant filed a motion to amend the briefing schedule for the plaintiffs' motion for attorney's fees,  asserting that the plaintiffs still had not provided the full time records, and arguing that the plaintiffs' use of an undisclosed actuarial expert in the fee litigation required an additional three and a half months for expert discovery. (DE 215)  The motion was denied. (DE 223)

On November 24, 2010, the plaintiffs served three interrogatories and seven requests for document production on the defendant.  Two of the interrogatories and four of the document requests are related to determining the present monetary value of the plaintiffs' future benefits.  One interrogatory and three

2

document requests seek information regarding the defendants attorneys' fees and costs for the litigation. The latter four discovery requests are the subject matter of the motion to compel

On December 23, 2010, defendant's counsel responded to the discovery request with correspondence stating that the defendant objected to all of the discovery requests as untimely since they were served after the deadline for discovery, excessive since the plaintiffs had previously reached the 25-interrogatory limit during the discovery period, and protected by various privileges. (DE 236-3)

On January 14, 2011, the defendant filed a response to the motion for attorneys' fees asserting, in part, that the hours sought were not reasonable. On January 25, 2011, the plaintiffs' filed the instant motion to compel.

2. The Motion to Compel

The motion to compel asserts that the parties had an agreement that each could conduct discovery relating to the fee application. The agreement consists of an exchange of e-mails begun on October 15, 2010, in order to arrive at the briefing schedule for the fee application. (DE 217-1) The defendant suggested a date of November 15, 2010, for the application, and sought 30 days to respond if the plaintiff had no experts and 60 days to respond if the plaintiff had experts. (Id. at p. 3) The plaintiffs responded, "Does that mean any expert?" (Id. at p. 2)

The defendant replied, "yes." (Id.)  The plaintiffs suggested the dates set forth above, with an added date of December 22, 2010, for disclosure of the name of defendant's expert. (Id. at p. 1) The defendant agreed and asked the plaintiffs to prepare the stipulation.  The resulting stipulation did not contain the deadline for disclosure of the name of defendant's expert, but allowed the defendant 60 days to respond to the fee application. (DE 197)

The plaintiffs' motion also argues that the defendant's fee and cost information is relevant to demonstrate that the plaintiff's fees are reasonable for the course of the litigation, since both parties attended the same depositions, hearing and conference calls.  Clearly such information can only be discovered after the deadline for pre-judgment discovery.

The defendant's response to the motion states that the plaintiffs failed to seek leave to serve more than the 25 interrogatories already served or to seek discovery beyond the deadline in the scheduling order.  The stipulated order presented to the Court does not mention discovery, nor does Judge Cohn's Order mention discovery.  When the defendant moved to extend the briefing schedule to permit expert discovery, the plaintiff responded that the sixty-day response time was chosen specifically to allow the defendant to conduct expert or other discovery. The court denied the motion to extend that time.

4

The response argues the plaintiffs are entitled to detailed fee records from the defendant only in exceptional circumstances. They have not identified any exceptional circumstances. Local Rule 7.3(a) requires a fee applicant to submit detailed time records and the hourly rate. The Rule also requires an opponent who opposes the claimed hourly rate to provide an affidavit giving the firm's hourly rate for the litigation. The Rule does not require the opposing party to provide detailed billing records for the hours billed.

The defendant asserts that to compel it to compile the information, and to prepare a privilege log for any information in the billing records which may be privileged, in the few days remaining before the fee hearing puts an undue burden on counsel. The plaintiffs have known for months that the issue of the reasonableness of the fee request would be an issue, and yet filed the motion to compel at the last minute, eleven days after the defendant filed its response opposing the fee application. They asked for an expedited briefing of the motion to compel, requesting that their reply for the instant motion is to be filed the same day as their reply brief for the motion for fees. Thus, any documents produced could not be used for briefing the fee application.

The defendant presents the declaration of Adam Kaiser, Esquire, counsel for the defendant. (DE 243)  He states that through November 12, 2010, the defendant's firm billed the

defendant for a total of 2,091 attorney hours and 61 paralegal hours, and Mr. Koleos' firm billed 650 hours for a total of 2,741 attorney hours. Moreover, since Mr. Kaiser represents the defendant in other matters, many of these hours do not relate to the instant litigation. The defendant suggests that this voluntary disclosure moots the motion to compel fee records.

The defendant notes that the plaintiff seeks reimbursement for 3,779 hours comprising 2,512 by Mr. Jaffe's firm and 1,269 by Mr. Dunn. Mr Kaiser asserts even though the plaintiffs seek more than 1000 hours more than the defendant's billings, defense counsel was subject to more demands than plaintiffs' counsel since the defendant had to effect multiple rounds of class notices in the case, which was done in-house and was included in the attorneys' hours.

Finally, Mr. Kaiser states that assembling the discovery responses is impossible in the time available, since he has mediation in South Carolina in the week of January 31, and has other large projects that week, which include preparing for the attorneys' fees hearing and another hearing in Pittsburgh, Pennsylvania, the day after the fees hearing.

The plaintiffs' reply states, in its entirety, "Plaintiffs stand on their Motion to Compel [DE 236] and further state that Defendant has continued its vitriolic attacks on

Plaintiffs and Class Counsel. Such attacks violate the decorum of this Court. Defendant's objections should be rejected." (DE 255)

3. Analysis

At the outset, the defendant contends that the Court should deny the motion to compel since the plaintiffs failed to seek leave of the Court to serve additional interrogatories. However, the Court must still consider the three document requests, so there is little benefit to making a separate ruling on the interrogatory at issue.

The defendant also asserts that the discovery deadline had passed when the discovery requests were served, and the Court had not issued an order discussing fee discovery. The Court notes that in the briefing of the defendant's motion to amend the fee briefing schedule, the plaintiffs pointed out that the dates in the original schedule were based on the defendant's request for a sixty-day response time to conduct expert discovery. The Court allowed the sixty-day response time to stand. Thus the Court was aware that the parties had intended to allow some fee discovery. Accordingly, the Court will consider the issue of whether the defendant's billing records should be compelled.

Both parties agree that the decision to compel an opponent's billing records is within the sound discretion of the Court. "Without suggesting that it would have been error to admit such evidence, we cannot hold the district court abused its

7

discretion in quashing the subpoena or in sustaining the objection at the hearing in the case." Johnson v. University College of the University of Alabama, 706 F.2d 1205, 1208 (11th Cir. 1983).

The plaintiffs cite a number of cases from district courts outside the Eleventh Circuit which held that discovery into an opponent's billing records is relevant if the opponent argues that the hours sought were unreasonable. Davis v. Fidelity Technologies Corp., 180 F.R.D. 329 (W.D. Tenn. 1998)(sua sponte extending the discovery period, but limiting the defendant's production to the hours spent preparing and filing the proposed findings of fact and conclusions of law, since this task would be the same for both parties and thus provide a good basis for determining whether the plaintiff's hours were reasonable); Coalition to Save Our Children V. State Board of Education of the State of Delaware, 143 F.R.D. 61 (D. Del. 1992)(but noting that due to other factors, one party may engage in more extensive preparation during the litigation); Stasny v. Southern Bell Telephone and Telegraph Co., 77 F.R.D. 662 (W.D.N.Car. 1978); Chicago Professional Sports Limited Partnership v. National Basketball Assoc., 1996 WL 66111 *3 (N.D.Ill. Feb 13, 1996) The plaintiffs also cited one Florida case which compelled discovery of an opponent's fees as relevant to whether the hours sought were reasonable. Brown Distributing Co. Of West Palm beach, 866 so.2d

160 (Fla. 4th DCA 2004)(dismissing a petition for certiorari for an order compelling production of billing records).

The defendant points out that Johnson, an Eleventh Circuit case, held that a number of factors might affect the number of hours spent by opposing parties, and that the Court could consider these in deciding whether to permit such discovery. These factors include the nature of the legal work required and the precedential value of the work to counsel. The Johnson court cited Harkless v. Sweeny Independent School District, 608 F.2d 594, 598 (5th Cir. 1979). Johnson, 706 F.2d at 1208. The Harkless court upheld the district court's order which found that the experience of the court was a better measure for assessing the hours sought in a fee application than a comparison to the opponent's hours, which may be widely divergent owing certain factors, such as the difficult legal issues which one party faced. Harkless, 608 F.2d at 597-598. The defendant also cites several Florida cases which found that an opponent's fees were not discoverable since the fee applicant did not make a special showing that they were relevant to the number of hours sought in the fee application. HCA Health Services of Florida, Inc. v. Hillman, 870 So.2d 104 (Fla 2d DCA 2003); Mangel v. Bob Dance Dodge, Inc., 739 So.2d 720. 721 (Fla. 5th DCA 1999).

As the defendant points out, in a class action case, the burdens on each party are different. For example, the duty to

effect the numerous class notices fell on its counsel. The plaintiffs' motion vaguely states that the parties attended the same depositions and hearings, held conference calls and worked on the same case. The plaintiffs' reply does not discuss the defendant's example of different burdens on the parties. Instead, the motion states that the billing records would show that the defendant may have had a different minimum time increments, or may make up for a low hourly rate to the insurer by billing higher hours. The billing records "would reveal whether not [sic] Defendant's billing practices [sic] rates and billing model from a corporate/defense firm perspective, are truly analogous to Class Counsel's as Defendant's fee expert opines and Defendant argues." (DE 236, p 7)

The plaintiffs' arguments demonstrate that they seek the discovery in order to evaluate the opinion of the defendant's fee expert. The cases cited by the plaintiff are cases in which a plaintiff wished to demonstrate to the court that, in comparison to the defendant's billing records, the plaintiff's hours were reasonable. The court in those cases would consider the course of the litigation and the parties' billing records, and make that determination. The plaintiffs have cited no legal authority demonstrating the relevance of the defendant's billing records for the purpose of evaluating the opinion of the defendant's expert.

When considering relevance of the discovery requests in this light, the timing of the plaintiffs' actions also must be considered. The discovery requests were timely served on November 24, 2010, shortly after the fee application was filed. The defendant served its objections to the discovery on December 23, 2010. The defendant filed its response to the fee application on January 14, 2011. The plaintiffs' motion to compel was filed January 25, 2011, with a request for expedited briefing which would make the reply due on the same day the plaintiffs' reply in support of the fee application was due, and only eight days before the fee hearing. The plaintiffs' motion explained that until the defendant filed its response to the fee application, the plaintiff did not know with certainty that the defendant would challenge the reasonableness of the hours claimed.

The 11-day delay in filing the motion to compel, from January 14 to January 25, and the request for a particular briefing schedule, make it impossible to include the discovery responses in the plaintiffs' reply in support of the fee application. In the Court's view the delay could indicate that the motion was intended to put a large burden on defendant's counsel, on the eve of the fee hearing, rather than to gain information related to the reasonableness of the hours claimed by the defendant.

11

The Court will deny the motion to compel responses to interrogatory number 3 and document requests 5, 6 and 7. With the Court being advised, it is hereby

ORDERED AND ADJUDGED that the motion to compel is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 2nd day of February, 2011.

*/s/ Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record